UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:20-cv-00614

**Adela Rivera,**
*Plaintiff,*

v.

**Commissioner of Social Security,**
*Defendant.*

# ORDER

Plaintiff filed this civil action pursuant to the Social Security Act, Section 205(g), for judicial review of the Commissioner's denial of her application for Social Security benefits. The cause of action was referred to United States Magistrate Judge John D. Love, who issued a report and recommendation recommending that the decision of the Commissioner be affirmed and that this cause of action be dismissed with prejudice. Doc. 23. Thereafter, on November 15, 2021, plaintiff filed a response objecting to the report and recommendation. Doc. 24.

The court reviews the objected-to portions of a report and recommendation de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996). The court reviews all unobjected-to portions of the report and recommendation only for clear error or abuse of discretion. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (holding that, if no objections to a magistrate judge's report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law").

Plaintiff objects on the basis that the ALJ's Residual Function Capacity ("RFC") determination is not supported by substantial evidence. Doc. 24. Specifically, plaintiff claims that the ALJ erred by not including any manipulative limitations in the RFC after finding systemic lupus erythematosus ("SLE"), Raynaud's disease, and Sjogren's syndrome to be severe impairments. *Id*. at 1. Plaintiff claims that cases that the magistrate judge relied on do not support

1

the conclusion that "an ALJ does not err solely by finding an impairment to be severe at step 2 and failing to attribute any limitation to that impairment in his RFC assessment." *Id.* at 2. The court finds that case precedent does support the magistrate judge's finding. A court may find that an impairment is severe; however, that does not necessarily mean that the impairment must result in limitations in the RFC. *Walker v. Colvin*, No. 3:14-CV-1498-L (BH), 2015 WL 5836263, at *15 (N.D. Tex. Sept. 30, 2015). "[T]he consideration of whether a claimant's impairments are severe at Step Two is a different inquiry than an ALJ's assessment of the claimant's RFC." *Gonzalez v. Colvin*, No. 4:12-CV-641-A, 2014 WL 61171, at *6 (N.D. Tex. Jan. 6, 2014).

Plaintiff first argues that this court held in *Risinger* that when an ALJ failed to incorporate all functional limitations into the RFC, remand was required. Doc. 24 at 3. However, in *Risinger*, the court found that the ALJ erred by not including manipulative limitations in the RFC after finding severe impairments of connective tissue disease, lupus, and rheumatoid arthritis because the ALJ did not explain why he did not include such limitations. *Risinger v. Commissioner*, No. 6:12-cv-885, 2014 WL 4829527, at *7 (E.D. Tex. September 26, 2014). In *Risinger*, the court found that the ALJ failed to thoroughly discuss and analyze the objective medical evidence. *Id.* Here, the ALJ thoroughly discussed all of the medical opinions and explained why he assigned the particular RFC. Tr. at 20–25.

Plaintiff also objects that the magistrate judge misread the conclusion in *Walker*, where the court ultimately concluded that the ALJ should have included certain limitations in the RFC. Doc. 24 at 5. However, the magistrate judge cites *Walker* for the point of law that several federal courts have held that an ALJ does not err solely by finding an impairment to be severe and then not including any limitations due to that impairment in the RFC. Doc. 23 at 9. The court finds that *Walker* supports the magistrate judge's statement. Further, to the extent that plaintiff claims that *Walker* contradicts the magistrate judge's conclusion, the court disagrees. In *Walker*, the court stated that the ALJ "failed to note any limitations at all with respect to the severe impairments at any point in making his disability determination, despite expressly finding that there were limitations." *Walker*, 2015 WL 5836263, at *16. Thus, the court

remanded so the severe impairments could be considered in determining the plaintiff's RFC. *Id.* Here, in contrast, the ALJ extensively discussed why the severe impairments that he found were not as intense, persistent, or limiting as plaintiff claimed. Tr. at 24. The ALJ discussed and weighed all of the medical opinions and discussed why he gave some opinions more weight than others. *Id.* at 20–25.

Plaintiff further objects that the facts of *Kozlowski v. Colvin*, No. 4:13-cv-020-A, 2014 WL 948653 (N.D. Tex. Mar. 11, 2014), are distinguishable from her case and again claims that the RFC is not supported by substantial evidence because it did not include manipulative limitations. Doc. 24 at 4–5. However, a finding of no substantial evidence is appropriate only where there is a conspicuous absence of credible choices or no contrary medical evidence. *Homan v. Comm'r of Soc. Sec. Admin.*, 84 F. Supp. 2d 814, 818 (E.D. Tex. 2000). Accordingly, the court "may not reweigh the evidence in the record, nor try the issues *de novo*," and is not allowed to substitute its judgment for the Commissioner's judgment. *Id.* (quoting *Bowling*, 36 F.3d at 435). For the reasons stated above, the court finds that the ALJ's RFC determination is supported by substantial evidence and that the ALJ explained why he assigned the particular RFC.

Accordingly, the report and recommendation (Doc. 23) is accepted. Fed. R. Civ. P. 72(b)(3). The decision of the Commissioner is affirmed, and this cause of action is dismissed with prejudice.

*So ordered by the court on November 22, 2021.*

                                      J. CAMPBELL BARKER
                                      United States District Judge